**THIS PRE-TRIAL NOTICE CONTAINS
NEW MATERIAL REVISED MAY, 2024**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**<u>PRE-TRIAL NOTICE</u>**

IT IS ORDERED that a pre-trial conference will be held by telephone before Judge Greg Gerard Guidry, Section T, in this case on the date and time indicated on the attached scheduling order.

The purpose of the pre-trial conference is to secure a just and speedy determination of the issues. If the type of pre- trial order set forth below does not appear calculated to achieve these ends in this case, please arrange a conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

The procedure necessary for the preparation of the proposed pre-trial order that will be reviewed at the pre-trial conference is as follows:

I.

The proposed pre-trial order must be <u>electronically filed</u> with the Court by 4:30 p.m. on a day that allows two full work-days prior to the conference, excluding Saturdays, Sundays, and holidays (i.e., if the conference is set for 8:30 a.m. Friday, it must be filed by 4:30 p.m. Tuesday; if the conference is set on a Wednesday, the pre-trial order must be filed by 4:30 p.m. of the preceding Friday; if the conference is set on a Thursday, the proposed pretrial order mut be filed by 4:30 p.m. of the preceding Monday). <u>The pre- trial order need not be delivered to Chambers on paper</u>. The proposed pre-trial order shall bear electronic signatures of all counsel at the time it is electronically filed with the Court. Following the pre-trial conference, the Court will issue a minute entry which, *inter alia*, will APPROVE and ADOPT the pre-trial order, either in its entirety or with specified modifications.

II.

Counsel for all parties shall confer in person (face to face) or by telephone at their earliest convenience for the purpose of arriving at all possible stipulations and for the exchange of

copies of documents that will be offered into evidence at the trial. It shall be the duty of counsel for plaintiff to initiate this conference, and the duty of other counsel to respond. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be that party's duty to communicate **immediately** with the Court. The conference of counsel shall be held at least ten days prior to the date of the scheduled pre-trial conference in order that counsel for all parties can furnish each other with a statement of the real issues each party will offer evidence to support, eliminating any issues that might appear in the pleadings about which there is no real controversy, and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party. Counsel for plaintiff then will prepare a proposed pre-trial order and submit it to opposing counsel. Once any necessary changes are made, counsel for plaintiff shall electronically file the final proposed pre-trial order with the Court.

### III.

At their meeting, counsel **must** consider the following:

A. **Jurisdiction.** Because jurisdiction may not ever be conferred by consent and because prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make reasonable effort to ascertain that the Court has jurisdiction.

B. **Parties.** Correctness of identity of legal entities; necessity for appointment of tutor, guardian, administrator, executor, etc., and validity of appointment if already made; correctness of designation of party as partnership, corporation or individual d/b/a trade name.

C. **Joinder.** Questions of misjoinder or non-joinder of parties.

### IV

At the pre-trial conference counsel must be fully authorized and prepared to discuss settlement possibilities with the Court. Counsel are urged to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed pre-trial order.

V.

The pre-trial conference **must** be attended by the attorneys who will try the case, unless prior to the conference the Court grants permission for other counsel to attend. These attorneys will familiarize themselves with the pre-trial rules, and will come to the conference with full authority to accomplish the purposes of Rule 16 of the Federal Rules of Civil Procedure.

VI.

Pre-trial conferences will not be continued except for good cause shown in a **written** motion presented sufficiently in advance of the conference for opposing counsel to be notified.

VII.

Failure on the part of counsel to appear at the conference may result in **sanctions**, including, but not limited to, *sua sponte* dismissal of the suit, assessment of costs and attorney fees, default, or other appropriate sanctions.

VIII.

All pending motions and all special issues or defenses raised in the pleadings must be called to the court's attention in the proposed pre-trial order.

IX.

The final pre-trial order shall set forth the following information:

1.   The date of the pre-trial conference.

2.   The appearance of counsel identifying the party(s) represented.

3.   A description of the parties, and in cases of insurance carriers, their insured must be identified. The legal relationships of all parties with reference to the claims, counterclaims, third-party claims, cross claims, etc.

4.   a.   With respect to jurisdiction, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim, third-party claim, etc., and the legal and jurisdictional basis

-3-

for each such claim, or if contested, the
jurisdictional questions;

b.  In diversity damage suits, there is authority for
dismissing the action, either before or after
trial, where it appears that the damages reasonably
could not come within the jurisdictional
limitation. Therefore, the proposed pre-trial order
in such cases shall contain either a stipulation
that $75,000 is involved or a summary of the
evidence supporting the claim that such sum
reasonably could be awarded.

5.    A list and description of any motions pending or contem-
plated and any special issues appropriate for
determination in advance of trial on the merits. If the
Court at any prior hearing has indicated that it would
decide certain matters at the time of the pre-trial
conference, a brief summary of those matters and the
position of each party with respect thereto should be
included in the proposed pre-trial order.

6.    A brief summary of the material facts claimed by:

a.  Plaintiff;

b.  Defendant; and

c.  Other parties.

7.    A **single listing** of all uncontested material facts.

8.    A **single listing** of the contested issues of fact. (This
does not mean that counsel must **concur** in a statement of
the issues; it simply means that they must list in
a single list all issues of fact.) Where applicable,
particularities concerning the following fact issues
shall be set forth:

a.  Whenever there is in issue the seaworthiness of a
vessel or an alleged unsafe condition of property,
the material facts and circumstances relied upon to
establish the claimed unseaworthy or unsafe condi-
tion shall be specified with particularity;

b.  Whenever there is in issue negligence of the defen-
dant or contributory or comparative negligence of
the plaintiff, the material facts and circumstances

relied upon to establish the claimed negligence shall be specified with particularity;

c.  Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

d.  Whenever the alleged breach of a contractual obligation is in issue, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

e.  Whenever the meaning of a contract or other writing is in issue, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those in issue, which each party contends serve to aid interpretation, shall be specified with particularity;

f.  Whenever duress or fraud or mistake is in issue, and set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress or fraud or mistake (see Fed. R. Civ. P. 9(b)) shall also be set forth in the pre-trial order;

g.  If special damages are sought, they shall be itemized with particularity. (See Fed. R. Civ. P. 9(g));

h.  If a conspiracy is charged, the details of facts constituting the conspiracy shall be particularized.

9.  A **single listing** of the contested issues of law. (See explanation in 8 above.)

10.  For each party a list and description of **Bates numbered exhibits** intended to be introduced at the trial and those to be used as demonstrative exhibits during the presentation of testimony. Prior to the confection of the proposed pre-trial order, the parties shall meet and exchange copies of all exhibits. The parties shall attempt in good faith to agree as to their authenticity and relevancy.

a.  As to any exhibit to which the parties cannot agree, written objections must be accompanied by a memorandum containing legal authority in support of each objection and filed no later than **4:30 p.m.**

**five working days prior to trial.** Responses to objections to exhibits shall be filed no later than **4:30 p.m. three working days before trial.** Responses must contain legal authority pertaining to every objection.

b.    If a party considers he has good cause not to disclose exhibits to be used solely for the purpose of impeachment, he shall ex parte request a conference with the Court and make his position known to the Court *in camera*.

c.    Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct. If there are such exhibits, the proposed pre-trial order will state: "The parties will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pre-trial conference."

11.  A list of all deposition testimony that each party intends to offer into evidence at trial; furthermore:

a.    The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement as to their merit. As to all objections to the testimony which cannot be amicably resolved, unless otherwise ordered by the Court, the parties shall electronically file, not less than **three** days prior to trial, a statement identifying the portions objected to and the grounds therefor. Proponents and opponents shall furnish the Court appropriate statements of authorities in support of their positions as to the proposed testimony.

b.    In non-jury trials, the parties shall, at least **five** days prior to trial, deliver to the Court those portions of the depositions they intend to introduce into evidence. Any objections to the proposed deposition testimony should be handled in the form and fashion described above.

12. A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements or closing arguments.

13. a. A list of witnesses for all parties, including the names, addresses, and statement of the general subject matter of their testimony (it is not sufficient to designate the witness simply "fact," "medical," or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary;

    b. A statement that the witness lists were filed in accordance with the Federal Rules of Civil Procedure and prior court orders. No other witnesses shall be allowed unless agreeable to all parties and their addition does not affect the trial date. This restriction will not apply to rebuttal witnesses or documents whose necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with the Federal Rules of Civil Procedure and prior court orders. Expert witnesses whose reports have not been furnished to opposing counsel shall not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished;

    c. Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pre-trial order and prior court orders;

    d. Counsel shall not be allowed to ask questions on cross-examination of an economic expert which would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness not less than three full working days before trial.

14. A statement indicating whether the case is a jury or non-jury case.

a. If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which issues shall be specified. In jury cases, add the following provisions:

"Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on *voir dire* shall be electronically filed with the Court not later than **five** working days prior to the trial date, unless specific leave to the contrary is granted by the Court."

b. In a non-jury case, suggested findings of fact and conclusions of law and a separate trial memorandum are required, unless the Court enters an order that such is not required. Same are to be electronically filed not less than **five** full working days prior to trial.

c. In a jury case, a trial memorandum shall be required only when and to the extent ordered by the Court. However, any party may in any event file such memoranda not less than **five** working days prior to trial and should accomplish this with respect to any anticipated evidentiary problems which require briefing and jury instructions requiring explanation beyond mere citation to authority.

15. In cases where damages are sought, include a statement that: "The issue of liability (will or will not) be tried separately from that of quantum." It is the policy of this Court in appropriate cases to try issues of liability and quantum separately. Accordingly, counsel should be prepared to discuss at the pre-trial conference the feasibility of separating such issues. Counsel likewise should consider the feasibility and desirability of separate trials as to other issues.

16. A statement describing any other matters that might expedite a disposition of the case.

17. A statement that trial shall commence on [month/day] , [year] at a.m./p.m. and a realistic estimate of the number of trial days required. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given.

18.  The statement that "This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19.  The statement that "Possibility of settlement of this case was considered."

20.  The proposed pre-trial order must contain appropriate signature spaces for counsel for all parties.

21.  **As to Delivery of trial exhibits**: Counsel shall deliver to the Court a bench book of tabbed exhibits **five** working days before the start of the trial. Generally, for example, the parties' "un-objected to" exhibits should be indexed and labelled as J1, J2, and so on; exhibits "objected to" by defendant should be indexed and labelled as P1, P2, and so on; and exhibits "objected to" by plaintiff should be indexed and labelled as D1, D2, and so on. There should be a slip on the front and side of each binder identifying exactly what the binder contains and include the caption of the case, the party offering, and its contents.

22.  Except for good cause shown, the court will not accept any additions, supplementations or modifications to the bench books after delivery to chambers without a motion and order setting forth the reasons for the tardiness. IF Judge Guidry allows additions, supplements and/or modification to exhibits, an electronic version of such changes must accompany the paper submission. A statement that the attorney has conferred or advised opposing counsel must be included in the motion and order.

23.  Each counsel shall bring to Court, on the day of trial a final <u>list of exhibits</u>, properly marked for identification, which he or she desires to use at trial. <u>This list shall be submitted to the case manager at the outset of the trial.</u>

24.  In addition, each counsel shall also bring to Court on the day of trial a <u>set of the exhibits</u>, properly marked for identification, which counsel intends to offer into evidence. Alternatively, the courtroom is equipped with an Electronic Evidence Presentation Podium which contains

a document camera (ELMO), VGA and HDMI inputs for multiple laptop computers, and a data projector, all of which may be used to display exhibits. The courtroom is also equipped with a large pull-down screen. Counsel may make annotations on the display screen at the podium and the witness may also make annotations at the witness stand. Counsel are instructed to contact the Case Manager at 504-589-7747 to schedule a brief training session on the use of this equipment during the week immediately prior to trial.

**IT IS FURTHER ORDERED** that the foregoing pre-trial notice be e-mailed to counsel of record for all parties to this case, and that counsel will comply with the directions set forth herein.

New Orleans, Louisiana

_____          5/9/24

UNITED STATES DISTRICT JUDGE

**EACH NUMBERED PARAGRAPH IS TO BE PRECEDED BY A HEADING DESCRIPTIVE OF ITS CONTENT**